3042831-LRB/SJC                                                                                          ARDC #6286111

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| ELLIOTT MCCOY,  )  | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) Case No. 19 cv 6104 | |
| DOLLAR TREE STORES, INC., a  ) | The Honorable Matthew F. Kennelly |
| registered Virginia corporation and U.S.  ) | |
| XPRESS, INC., a registered Nevada  ) | |
| corporation,  ) | |
|     Defendants.  ) | |

## AGREED QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA

This matter coming to be heard on the Motion of the Defendant, U.S. XPRESS, INC., for the entry of a Qualified Protective Order, due notice being given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

1. The current parties, their attorneys and any future parties to the above-captioned matter are here by authorized to receive, subpoena, and transmit "protected heath information" pertaining to the Plaintiff, ELLIOTT MCCOY, to the extent and subject to the conclusions outlined in this Order.

2. For the purposes of this Qualified Protective Order, protected health information shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 160.501 (HIPAA). Without limiting the generality of the foregoing, personal health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical or medical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" as defined by 45 C.F.R. 160.103 (HIPAA) are hereby authorized to disclose personal health information pertaining to the Plaintiff, ELLIOTT MCCOY, to all attorneys now of record in this matter or who may become of record in the future of this litigation via production of records, reproduction of records, deposition, or other legally recognized manner.

4. The parties and their attorneys shall be permitted to use the personal health information of the Plaintiff, ELLIOTT MCCOY, in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, a disclosure to the parties, their attorneys of record, the attorneys' firms (i.e. attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, Court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. The conclusion of the litigation, which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted, any person or entity in possession of personal health information pertaining to the Plaintiff, ELLIOTT MCCOY, other than the person or entity that generated the personal health information, shall destroy any and all copies of the personal health information in their possession.

6. This Order shall not control or limit the use of protected health information pertaining to the Plaintiff, ELLIOTT MCCOY, that comes into the possession of any party or any party's attorney from a source other than a "covered entity," as that term is defined in 45 C.F.R 160.103 (HIPAA).

7. Nothing in this Order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 *et. seq.*), the Aids Confidentiality Act (410 ILCS 305/1 *et. seq.*) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 209ee-3, and 42 CFR Part 2), and nothing in this Order permits the production of these Mental Health records.

8. All requests for records from Plaintiff's medical providers must be accompanied by this Order as well as a properly authorized subpoena with proper notice given to all parties.

9. Nothing in this order shall be construed as a waiver of the physician-patient privilege. Nothing in this order shall affect the application of the Petrillo doctrine under Illinois law as that doctrine applies to defense counsel conducting *ex parte* communications with Plaintiff's healthcare providers.

DATED: March 4, 2020_____

ENTERED: _____